## RABB v. FLENNIKEN.

1. One who purchases land from a husband trustee in breach of the trust, in that he paid for the land with a note held against the trustee individually, and with family supplies subsequently furnished, is not entitled to a credit for such note and supplies when called upon to account for rents and profits of the land while in his possession.
2. Where a purchaser obtained possession of land through a trustee's breach of trust, believing, under the advice of counsel, that he was acquiring a good title in fee, and no complaint was made by the *cestui que trust* for several years, he is entitled to the increased value by reason of improvements as a credit on his accounting for rents and profits.
3. A party should not be charged with the costs of a successful appeal. Such error may be corrected on appeal from the clerk's taxation.

Before FRASER, J., Fairfield, February, 1889.

This is a second appeal in the case reported in 29 S. C., 278. After the action was commenced, the defendant made an assignment of all his property for the benefit of his creditors. The Circuit decree was as follows:

A statement sufficient to explain what has heretofore been adjudicated will be found in the opinion of the Supreme Court. If the deed of conveyance to the defendant, David R. Flenniken, by the trustee and co-defendant, Thomas W. Rabb, with the written consent of Cassandra H. Rabb, the life tenant, had been valid, the complaint would have been dismissed as to her also. It was sought to impeach that deed on two grounds: 1st. That conveyance was not made for the purpose of changing the investment, and that the defendant, Flenniken, the purchaser, was cognizant of the breach of trust. 2nd. That plaintiff was incompetent to transact business when she signed her consent to the conveyance on account of her being addicted to the opium habit at the time.

The Supreme Court has decided in this case, as I understand it, that there has been a breach of trust, for which Flenniken is responsible, and also that this is one of the cases in which, as in *Salinas* v. *Pearsall* (24 S. C., 179), a married woman has no right to convey her interest in the trust estate. The land described in the complaint must, therefore, be held subject to the trust and limitations of the trust deed under which it was held by Thomas W. Rabb as trustee. There is not sufficient evidence to convince me that Mrs. Rabb was, at the time she signed her consent to the deed to defendant, Flenniken, so much under the influence of opium as not to be responsible for her acts, though she may have easily forgotten what happened. I do not see, however, any good reason why the income of her trust estate should be applied to pay a note of her husband and trustee, Thomas W. Rabb, to Flenniken, or to the store account of her husband. If he had not been the husband and only trustee, perhaps a case might be made out for subjecting the income to the payment of the account; but as husband, the law placed on him the legal obligation to support the wife and family, and therefore the income cannot be charged with the store accounts. The defendant, Flenniken, is liable to account for the annual rents for the whole time he has had possession of the trust property except the year 1877, as to which I

think the plea of the statutes of limitations should be allowed.

Whatever doubts I may have had as to the improvements or betterments, have been removed by the provisions of the act of 1885, which applies to actions then pending as well as to those thereafter to be brought, and to "equitable" as well as legal actions, for the recovery of lands and tenements. See 19 Stat., 343. The defendant, Flenniken, must, therefore, be allowed so much money as the lands have been made better by his improvements. I am much inclined to send both of these matters of rents and improvements to a referee, especially as the testimony is not very definite as to either. Counsel seem to desire that I shall pass on them with the evidence before me, and I will make the best estimate I can. There is considerable difference in the estimates as to the cost of the improvements, and there is no testimony bearing directly on the question as to how much they added to the money value of the land, and the buildings cannot now be worth as much as when they were put up. I will, however, estimate them at one thousand dollars.

The money value of the cotton received as rent must have averaged about one hundred and ninety dollars per annum. Some of this rent may have been due to the increased value of the land from the improvements, and I may assume that Flenniken paid the taxes; but at the same time he had these rents without interest. I will estimate the annual rents at one hundred and seventy dollars, making a total to 1st January, 1889, for 11 years, of eighteen hundred and eighty dollars, of which amount I infer that the sum of $510, rent for 1886, 1887, and 1888, or perhaps a larger sum from that source, is in the hands of James A. Brice, assignee, under some order of the court impounding the rents and profits of the land in his hands. The difference between the improvements and rents and profits is, therefore, eight hundred and seventy dollars, and for this sum the plaintiff must have judgment. This decree can be made only against the parties before the court, and, of course, will bind all persons having proper notice of the pendency of this action.

It is therefore ordered and adjudged, that the defendant, David R. Flenniken, do hold the tract of land described in the complaint as trustee, subject to all the trusts and limitations of the deed of

Mary Regina Holley to Thomas W. Rabb, as trustee, of December 18, 1867, until the same shall be conveyed by him, under the order of this court, to some suitable trustee to be hereafter appointed. It is further ordered, that plaintiff, Cassandra H. Rabb, have judgment against defendant, David R. Flenniken, for the sum of eight hundred and seventy dollars, and have leave to issue execution for the same. It is ordered, that plaintiff have leave to apply for any proper order to have any sum of money in the hands of James A. Brice, assignee, collected as rents of the said land, and which may be held by him subject to the order of the court in this case, paid over to the plaintiff, and the amount so paid shall be a credit on the amount of the above judgment for eight hundred and seventy dollars in favor of said plaintiff, Cassandra H. Rabb. It is ordered, that each party pay his or her own costs. It is ordered, that parties have leave to apply for such administrative orders as may be necessary to carry out this decree, and that any matters not herein adjudicated be reserved.

*Messrs. Ragsdale & Ragsdale,* for plaintiffs.

*Mr. H. N. Obear,* contra.

February 28, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. In 1867, Mary Regina Holley conveyed certain real estate, situate in Fairfield County, to the defendant, "Thomas W. Rabb, and his successors in office, for the sole, separate, and exclusive use, benefit, and behoof of Cassandra H. Rabb (his wife), for and during the term of her natural life, not subject to the debts, contracts, and liabilities of her present or any future husband; and at her death, then in trust to deliver the same to such issue as she might leave living at the time of her death, to be held by them absolutely and discharged from all further trusts." The said deed, however, empowered the trustee to make all necessary changes for investment of the said trust estate, &c., first procuring the written consent of the said Cassandra, and to hold such substituted property, as might be made, subject to the same trusts as the original. Some time after the conveyance of this property to the said Rabb, he sold a por-

tion, to wit, the portion now in contest here, to the defendant, Flenniken, with the written consent of the plaintiff, Cassandra, both to the agreement of sale and to the deed which he executed to Flenniken.   But it appears that Flenniken paid the purchase money in a note for $625, which he then held on the trustee, and in family supplies furnished him from the store of the said Flenniken.

This sale took place in 1877, and Flenniken has had possession since that time, and in 1884 the action below was commenced by the said Cassandra and her children named above, praying that the said tract of land be declared charged with the trusts originally imposed upon it; that Flenniken be declared a trustee, and that he be required to account for the rents and profits since the 20th day of February, 1877 (the time of the sale to him), &c.   The defendant, Rabb, did not answer, but Flenniken did, admitting many of the allegations in the complaint and denying others, neither of which it is necessary to mention here.   He, however, denied that the plaintiffs, the children above, had any interest, such as required them to be parties.   He claimed that the sale to himself, under the circumstances, was a valid sale, and he plead the statute of limitations; and finally claimed that he was not accountable for rents and profits, and in any event he was entitled to betterments for valuable improvements, for certain stables and houses, &c., which he had erected on the premises, amounting in value to $1,500, &c.

The case was first heard by his honor, Judge Wallace, who, holding that the children of Cassandra, the plaintiffs, being contingent remaindermen, and therefore neither necessary nor proper parties, made no adjudication as to their rights.   He further held that the sale of the land to Flenniken being made with the consent of Cassandra, although a breach of trust, yet having been concurred in by the said Cassandra, the *cestui que trust*, was valid in so far as she was concerned.   He therefore dismissed the complaint, and he ordered that the proceeds of certain of the rents and profits, which had previously been impounded in the hands of James A. Brice, assignee, be vacated.   Upon appeal from this decree, this court reversed the judgment as to the validity of the sale to Flenniken, but without prejudice as to any right which he

might have, to apply the rents and profits of the land while he had been in possession to the payment of the note of the trustee above mentioned, and to the supplies which he had furnished, in the purchase of the said land, and also without prejudice as to his claim for betterments.[1]

And a second trial was had as to these matters before his honor, Judge Fraser, who, after full hearing, decreed that the rents and profits should not be applied to the note and supplies, but that defendant should be allowed betterments; and finding that the difference between the betterments and the rents and profits was $870, he ordered that plaintiff should have judgment for that sum, confining his decree to the parties then before the court. And he further adjudged, that the defendant do hold the said land as trustee, subject to all the trusts and limitations of the deed of Mary Regina Holley to Thomas W. Rabb, until the same should be conveyed by order of the court to some suitable trustee hereafter to be appointed, and that the plaintiff have leave to apply for an order to have such sum of money, as might be in the hands of Brice, assignee, collected as rents of the land, paid on the judgment for $870, allowed, and, further, that each party pay his own costs.

From this decree, both plaintiff and defendant appealed. The plaintiff, because the "improvements" or betterments were allowed the defendant, Flenniken, and because plaintiff was adjudged to pay her own costs. And the defendant appealed because the rents and profits were not adjudged to be credited with note for $625 held by Flenniken on the trustee, Thomas W. Rabb, mentioned above, and with the supplies furnished, &c.; and, also, because his honor should have held that the action of plaintiff to set aside the deed in question was barred by the statute of limitations. This last exception, we understand, was abandoned at the hearing before us.

It having been decided in this case, in the former appeal, that the sale of the land by Thomas W. Rabb to the defendant, Flenniken, was wholly unauthorized, was, in fact, a breach of trust, because it was made, not for reinvestment, as the deed of trust would have allowed, but in part for the payment of a debt of $625

---

[1] See 29 S. C., 278.

due by the trustee to the purchaser, and in part for the purchase of family supplies, which he, the trustee, was legally bound to furnish himself, and to whom it seems the said supplies were charged, all this with full knowledge by Flenniken of the character of the trust deed, we know of no principle, either in the text-writers or found in any decided case, which would have authorized the Circuit Judge to credit the note of $625, of Rabb to Flenniken, on the rents and profits. Nor do we find sufficient reason to interfere with the judgment of the Circuit Judge as to the supplies. The testimony, in the opinion of the Circuit Judge, it seems, did not disclose such a state of facts as to throw the support of Rabb's family upon the trust estate of his wife. *Maywood & Patterson* v. *Johnson*, 1 Hill Ch., 234. It was not error, therefore, in him to refuse this claim.

As to the defendant's claim for betterments. We think, under the circumstances, they should be allowed. True, Flenniken participated in the breach of trust to the extent of knowing the terms of the original trust deed; but, notwithstanding this, acting, as he did, under the advice of eminent counsel, and no complaint being made to him for years as to his title, he may well have considered that said title was good, as specified in section 1835, General Statutes, in such cases.

As to the costs. We do not suppose that the Circuit Judge intended to fix the costs of the former appeal upon the plaintiff. If so, this was error; but this question can be made when the costs are taxed, if necessary.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.